UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                                                     Case No. 1:21-cr-203-1

ANTONIO DUANE MIXON,                           HON. JANE M. BECKERING

    Defendant.
_____/

## MEMORANDUM OPINION AND ORDER

Now pending before the Court is Defendant's motion for modification or reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines (ECF No. 129). For the following reasons, the Court denies the motion.[1]

### I.  BACKGROUND

Defendant pleaded guilty to Wire Fraud, and this Court sentenced him on June 6, 2023 to a four-month term of imprisonment and a three-year term of supervised release (Judgment, ECF No. 118). This Court specified a self-surrender date of "not earlier than February 6, 2025" (*id.*).

After Defendant's sentencing, the United States Sentencing Commission issued Sentencing Guidelines Amendment 821, which has an effective date of February 1, 2024, and applies retroactively. Part A of Amendment 821 limits the criminal history impact of "Status Points" in Sentencing Guidelines § 4A. *See* U.S. Sent'g Comm'n, Amendment 821, https://www.ussc.gov/guidelines/amendment/821 (last visited Jan. 31, 2024). Part B of

---

[1] Federal Rule of Criminal Procedure 43 requires that a defendant be present at "sentencing," *see* Rule 43(a)(3), but excludes from that requirement a proceeding that "involves the correction or reduction of sentence under … 18 U.S.C. § 3582(c)," Rule 43(b)(4).

Amendment 821 will permit a two-level reduction for defendants without any criminal history points from § 4A and an instant offense without specified aggravating factors. *Id.*

Defendant now seeks retroactive application of Amendment 821 to the Court's Judgment of Sentence. Pursuant to this Court's Order, the Probation Office prepared a Sentence Modification Report, which was filed under restricted access (ECF No. 132). Defendant filed a Response to the Sentence Modification Report (ECF No. 142), and the government filed a response to Defendant's motion (ECF No. 156).

## II. ANALYSIS

### A. Motion Standard

A "court may not modify a term of imprisonment once it has been imposed except … in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 3582(c) establishes a "two-step inquiry." *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*, 560 U.S. 817, 826–27 (2010)). First, a court must "determine that a reduction is consistent with [United States Sentencing Guideline (U.S.S.G.)] § 1B1.10," *id.*, which provides in pertinent part the following:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a)(1). Second, the court must "consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)[.]" *Jones, supra*. The § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness

of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### B. Discussion

At the time of his sentencing, Defendant's advisory guideline range was 4–10 months' imprisonment in Zone B of the Sentencing Table, meaning that the minimum term "may be satisfied by—(1) a sentence of imprisonment; or (2) a sentence of imprisonment that includes a term of supervised release … ; or (3) a sentence of probation[.]" *See* U.S.S.G. § 5C1.1(c). The parties do not disagree that with application of Amendment 821, the Amended Guideline range is 0–6 months imprisonment in Zone A of the Sentencing Table, meaning that a sentence of imprisonment is "not required" under the guidelines (ECF No. 142 at PageID.908; ECF No. 156 at PageID.947–948). *See* U.S.S.G. § 5C1.1(b).

The government asserts that a reduction is not consistent with the plain language of U.S.S.G. § 1B1.10(a)(1) because Defendant is not presently "serving" his sentence. The government requests that Defendant's motion either be denied without prejudice or held in abeyance until Defendant becomes eligible. Defendant disagrees that § 1B1.10(a)(1)'s reference to "serving" makes him ineligible for a sentencing modification and asks the Court to exercise its

3

discretion and modify his sentence to probation without a custodial term.  Defendant asserts that defendants who have yet to self-surrender may still have their custodial sentences modified.

Even assuming arguendo that a reduction is consistent with U.S.S.G. § 1B1.10, a reduction of Defendant's sentence is not warranted under the factors set forth in § 3553(a).  This Court expressly considered at sentencing that Defendant's guideline range may change and that a sentence of imprisonment would not be required under the anticipated amendment.  This Court fully evaluated Defendant's lack of criminal history and opined that some term of imprisonment would still be necessary.  While Defendant in his motion at bar highlights his compliance with his bond conditions and progress in treatment (ECF No. 142 at PageID.909), this Court remains more concerned about the fact that Defendant's offense involved a breach of trust than it is concerned with Defendant's potential for recidivism.  This Court's sentence of 4 months' imprisonment, followed by three years of supervised release, remains sufficient, yet not greater than necessary, to meet the goals of sentencing.  The sentence reflects the seriousness of Defendant's offense, provides just punishment, promotes respect for the law, and should deter Defendant and, more importantly, others, from committing similar crimes in the future.  In sum, the relevant § 3553(a) factors do not support a reduction pursuant to Amendment 821.  Therefore:

**IT IS HEREBY ORDERED** that Defendant's motion for modification or reduction of sentence (ECF No. 129) is DENIED.

Dated:  February 2, 2024            /s/ Jane M. Beckering
                                    JANE M. BECKERING
                                    United States District Judge